**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**HAYDEN MCCULLERS, CONNIE
PULVER, LAURIE BRITTON, KENNETH
J. BROWN, LLOYD MCCLAIN, JR.,
STEVEN MICHAEL, MELANIE D.
MILLER, ISAAC DAVE MITCHELL,
ROBERT A. SNYDER, and JAY
CLIFFORD WENHOLD,**

        **Plaintiffs,**

**-vs-**                                                          Case No. 6:13-cv-163-Orl-28KRS

**DOLLAR TREE STORES, INC.,**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' UNOPPOSED MOTION TO SEVER AND TRANSFER (Doc. No. 46)**
>
> **FILED:** April 29, 2013

Plaintiffs originally consented to join a putative collective action filed in the United States District Court for the Northern District of Alabama alleging that Defendant Dollar Tree Stores, Inc. ("Dollar Tree") violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* The Alabama District Court later decertified the collective action, and on November 2, 2012, the Court dismissed the claims

of the opt-in Plaintiffs without prejudice and tolled the statute of limitations for 90 days to permit individual opt-in Plaintiffs to file their own cases. Doc. No. 1-2.

On January 30, 2013, Plaintiffs McCullers, Pulver, Britten, Brown, McClain, Michael, Miller, Mitchell, Snyder and Wenhold filed the present complaint against Dollar Tree in this Court. Doc. No. 1. Plaintiffs Pulver, Britton, Brown, Miller, and Mitchell subsequently dismissed their claims. Doc. No. 29, 34.

Counsel for Dollar Tree advised counsel for the remaining Plaintiffs that their cases were filed in the wrong District Court or in the wrong division of the District Court. Plaintiff McCullers resides and worked at a Dollar Tree store located in the Pensacola Division of the United States District Court for the Northern District of Florida. Doc. No. 46 at 1. Plaintiff Wenhold resides and worked at a Dollar Tree store in the Tallahassee Division of the United States District Court for the Northern District of Florida. *Id.* Plaintiffs McClain, Michael, and Snyder reside and worked at a Dollar Tree store(s) in the Tampa Division of the United States District Court for the Middle District of Florida. *Id.*

The time during which the statute of limitations was tolled has elapsed. Accordingly, to cure the arguable venue problem, the parties ask that the Court do the following:

1. Sever the claims of Plaintiffs McCullers and Wenhold and transfer them to the United States District Court for the Northern District of Florida, Pensacola Division; and,

2. Transfer the remaining claims asserted by Plaintiffs McClain, Michael, and Snyder to the Tampa Division of this Court.

Under Fed. R. Civ. P. 21, "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

Whether to grant a request to sever misjoined parties and claims rests within the Court's discretion. *See Oginsky v. Paragon Properties of Costa Rica, LLC,* 282 F.R.D. 681, 683 (S.D. Fla. 2012). The Alabama District Court previously found that this case was not an appropriate collective action. The parties agree to severance of the claims of Plaintiff McCullers and Wenhold. After severance, the claims made by Plaintiffs McCullers and Wenhold will proceed as a separate action on behalf of these two Plaintiffs against Dollar Tree.

The parties rely on 28 U.S.C. § 1404(a) as the basis for the request to transfer the severed case to the Northern District of Florida. Section 1404(a) provides that a Court may transfer a civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. Whether transfer should be granted is based on the convenience of the parties and witnesses, in the interests of justice. *Id.* While the parties offer no analysis of the convenience of the parties and witnesses, because Plaintiffs McCullers and Wenhold reside in the Northern District of Florida and worked at Dollar Tree stores in that District, the record is sufficient to support transfer of their cases.

The parties request, without explanation, that the Court transfer Plaintiffs McCullers and Wenhold's claims to the Pensacola Division of the Northern District of Florida, even though Plaintiff Wenhold resides in and worked at a Dollar Tree store in the Tallahassee Division of that Court. Local Rule 3.1 of the Northern District of Florida provides that civil cases in which venue properly lies in a division of that district shall be filed in that division. Venue lies, among other places, in a judicial

district in which any corporate defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b)(1), (c). Because Dollar Tree has stores in the Pensacola Division of the Northern District of Florida, venue for the claims of both Plaintiff McCullers and Plaintiff Wenhold lies in that division. It appears that it would be consistent with the Local Rules of the Northern District of Florida to transfer the severed case brought by Plaintiffs McCullers and Wenhold to the Pensacola Division of the Northern District of Florida.

Finally, Middle District of Florida Local Rule 1.02(c) provides that "[a]ll civil proceedings of any kind shall be instituted in the Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." The claims of Plaintiffs McClain, Michael and Snyder arose from their work at a Dollar Tree store(s) located in the Tampa Division of this Court, and each of them reside in that division. Dollar Tree agrees to the transfer. Therefore, after severance of the claims asserted by Plaintiffs McCullers and Wenhold, transfer of this case to the Tampa Division is appropriate.

For these reasons, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1. **GRANT** the Unopposed Motion to Sever and Transfer (Doc. No. 46);

2. **SEVER** the claims of Plaintiff McCullers and Wenhold and **DIRECT** the Clerk of Court to open a new case for their claims;

3. **DIRECT** the Clerk of Court to transfer the newly opened case for Plaintiffs McCullers and Wenhold to the United States District Court for the Northern District of Florida, Pensacola Division;

4. **DIRECT** the Clerk of Court to transfer this case (after severance of Plaintiffs McCullers and Wenhold) to the Tampa Division of this Court; and,

5. Following these actions, **DIRECT** the Clerk of Court to close the present case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 8, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy